No. 29,078.

THOMAS E. FITZPATRICK, *Appellee*, v. FRED J. BERNRITTER et al., *Appellants.*

(286 Pac. 233.)

Opinion filed April 5, 1930.

*William A. Smith,* attorney-general, *Walter Griffin,* assistant attorney-general, *E. S. Francis,* of Westmoreland, and *Randal C. Harvey,* of Topeka, for the appellants.

*Maurice Murphy,* of St. Marys, *A. E. Crane, B. F. Messick* and *A. Harry Crane,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, a riparian owner of land on the Kansas river in Pottawatomie county, commenced this action, one in ejectment, to recover from Fred J. Bernritter land which the latter had purchased from the state of Kansas under section 72-2128 of the Revised Statutes. Will J. French, as state auditor, and the state of Kansas, on the relation of William A. Smith, attorney-general, intervened and contested the title of the plaintiff. Judgment was rendered in favor of the plaintiff; and Fred J. Bernritter, Will J. French, as state auditor, and the state appeal.

The plaintiff claimed title to the land in controversy by reason of accretions to the land owned by him along the Kansas river. Fred J. Bernritter, Will J. French, as state auditor, and the state claimed that the land in controversy, prior to 1903, had been a part

of the bed of the Kansas river and that in the flood of that year the river abandoned that channel and made a new one in an entirely different place. The point at issue was whether the land in controversy had been added to the land owned by the plaintiff by accretion or whether the land had been made by avulsion in the flood of 1903.

At the trial the appellants demurred to the evidence of the plaintiff. That demurrer was overruled. In their brief the appellants say:

"The questions involved in this appeal are: (1) Is there any evidence to support the claim of accretion, and the verdict therefor? . . . (2) Did the court err in overruling objection to testimony of witness Itz and remarks of counsel? . . . (3) Were the instructions complete and correct; and were certain instructions requested by appellants properly refused? .. ."

■ The principal contention of the appellants is that their demurrer to the evidence of the plaintiff should have been sustained. The same question was presented to the court by a motion of the state and of Will J. French as state auditor for judgment in favor of the state notwithstanding the verdict, which motion was overruled. The appellants argue that the evidence of the plaintiff was not sufficient to warrant the submission of the case to the jury, nor to sustain a judgment in his favor. Such a proposition is easy to state but hard to establish when facts have been found by those who knew nothing about them except what they learned from the evidence. Contentions of that kind impose on this court the duty of carefully examining the evidence to ascertain whether or not the contention made is correct unless the parties contending for the sufficiency of the evidence point out evidence sufficient to sustain the finding or judgment. That has been done by the plaintiff in the present action. In a counter abstract the plaintiff sets out in detail the evidence of six witnesses which not only tended to prove, but fairly conclusively established, that the land in controversy had been formed by accretion before 1903. No good purpose will be served by setting out that evidence.

■ Complaint is made of the admission of certain testimony of Felix Itz, the county engineer of Wabaunsee county, and of remarks of counsel concerning an exhibit identified by that witness. We quote from the brief of the appellants as follows:

"The plaintiff called as a witness Felix Itz, the county engineer of Wabaunsee county, who had made a survey in 1927 of the land in controversy. After

identifying this survey the witness was asked the following questions, and the following proceedings were had:

"Q. And where had the river been running? Did it show the old river bed there from where you were measuring—I mean the river bed in 1903? A. The river bed was south of this line—of this bank.

"By Mr. Harvey: We move to strike out the answer as to where the river bed was in 1903, for the reason that the witness has not shown himself qualified to answer; that he does not claim any knowledge back to 1903.

"The Court: Objection overruled. Motion denied.

"Q. I mean where the river had been flowing. At the time you measured it did it show where the river had been flowing prior to that time?

"By Mr. Harvey: Same objection; same motion.

"The Court: Objection and motion denied.

"A. Yes, sir.

"Q. And show which side of that bank was that river at that time? This river bed—where the river had been flowing? A. South of the bank.

· · · · · · · · · · · · · · ·

"By Mr. Crane: Now we will offer this to the jury to look at the map.

"By Mr. Crane (addressing the jury): This (indicating) is the mark where the old river bank was in 1862—this is the government survey in 1862; lot 4 on the other line is down there (indicating) somewhere—it is not marked. Lot 4, this (indicating) is the lot we are talking about on which we claim the accretion has been; the river now comes here and cuts off a little corner. Now we will call your attention to the fact that this is where that bank was that is marked 'seven to eleven feet high,' and the river lies there. This is where the witnesses have testified that the 1903 water was running here.

"By Mr. Harvey: We object to going into that; all the witnesses have said to the contrary.

"The Court: When you get ready you can show that.

"By Mr. Crane: And that is what our witnesses say has been the bank as long as they can remember. (Mr. Crane shows to all of the jurors.)"

Neither the admission of that evidence nor the remarks and conduct of counsel furnish sufficient ground for reversing the judgment.

■ The appellants argue that the court committed error in refusing to give instructions requested by them and in the instructions given to the jury. The appellants requested fourteen instructions, six of which are set out in the abstract as having been refused. The instructions given by the court correctly and fully gave to the jury the law concerning the questions at issue in the action. The principal question at issue was one of fact, whether or not the land in controversy had been formed by accretion or was created by avulsion. (*Pessemier v. Hupe*, 121 Kan. 511, 247 Pac. 435.) The court defined each of those terms and the rights of the parties to the action under the facts as they should be found by the jury. The court told the jury that if the land in controversy had been added to the land of the plaintiff by accretion the verdict should be in his favor, but

if the land had been created by avulsion the verdict should be for the appellants. That was all that was necessary for the court to say.

No reversible error has been made to appear, and the judgment is affirmed.

HARVEY, J., not sitting.